IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Sterling Vernard Green, | ) | Civil Action No. 4:11-70078-TLW |
| | ) | Criminal No. 4:06-1322-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the petitioner, Sterling Vernard Green, ("Defendant") or ("Petitioner").

After a jury trial, Defendant was found guilty as to Counts 1 and 2 on April 19, 2007. (Doc. # 144). Sentencing was held on August 14, 2007. Notice of appeal was filed August 21, 2007. (Doc. # 180). Judgment was entered on August 30, 2007. Defendant was sentenced on to two hundred fifty-two (252) months. The Fourth Circuit affirmed Defendant's conviction and sentence by unpublished opinion on July 7, 2009 and judgment was entered on the same date. (Docs. # 229 and 230). The Mandate was issued on July 27, 2009. (Doc. # 233).

Petitioner filed the present action on May 26, 2011, alleging several grounds for relief. (Doc. # 262). The United States of America ("Government") filed its response on June 15, 2011. (Doc. # 266). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed July 13, 2011 that he had thirty-four days to file any material in

1

opposition to the Government's motion. (Doc. # 271). Petitioner filed a response in opposition on July 25, 2011. (Doc. # 273). This matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## DISCUSSION

The Government contends that Petitioner's motion for post-conviction relief pursuant to 28 U.S.C. § 2255 is barred because he filed it more than one year after his conviction became final. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a defendant must bring any federal habeas corpus petition. 28 U.S.C. § 2255. The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When there is no direct appeal, the judgment of conviction becomes final ten days from the date that judgment is entered. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. Crim. P. 45(a). However, if a defendant takes an unsuccessful direct appeal from a judgment of conviction, but does not petition for a writ of certiorari, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 524-25 (2003). Pursuant to Rule 13(1) of the Rules of the Supreme Court of the United States, "a petition for a writ of certiorari to review a judgment in any case,

civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

The Fourth Circuit Court of Appeals affirmed Petitioner's conviction on July 7, 2009. (Doc. # 229). Petitioner's time to petition for certiorari expired on Monday, October 5, 2009, 90 days after entry of the Fourth Circuit's judgment. Therefore, Petitioner had until Tuesday, October 5, 2010 to file a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. As noted, Petitioner filed his § 2255 on May 26, 2011. (Doc. # 262). Accordingly, Petitioner filed his § 2255 approximately seven months twenty-one days late.

Petitioner has made no argument as to why an exception to the one-year statute of limitations should be made. In this Court's review of the record, it holds that there is no reason that the one-year statute of limitations should not apply.

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. # 262), is **DENIED** and the Government's motion for summary judgment is **GRANTED**. (Doc. # 270).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

    s/Terry L. Wooten  
TERRY L. WOOTEN  
United States District Judge

September 23, 2011  
Florence, South Carolina